liPER CURIAM.
Plaintiffs, former employees of relator, Stewart Enterprises, Inc., filed the instant suit, alleging that they were wrongfully terminated by relator. Relator filed exceptions of lack of subject matter jurisdiction and prematurity, on the ground that plaintiffs’ claims were subject to mandatory binding- arbitration. The district court overruled relator’s exceptions, finding plaintiffs’ claims arising from their termination fell outside of the scope of the arbitration agreement. The court of appeal denied relator’s request for supervisory relief.
Relator now seeks relief in this court. It argues the district court exceeded its authority in addressing the scope of the arbitration agreement, because the agreement provides the “arbitrator will decide whether the matter is subject to arbitration as defined herein.”
In Collins v. Prudential Insurance Co., 99-1423 (La.1/19/00), 752 So.2d 825, we stated:
Before a district court may compel arbitration, the trial judge must make two preliminary determinations. First, the trial judge must ensure that a valid arbitration agreement between the parties exists. Second, the judge must decide whether the dispute at issue falls within the scope of the agreement.
A review of the district court’s judgment indicates it failed to pass on the | ^threshold issue identified in Collins — i.e., whether a valid arbitration agreement exists. In the event the district court determines the arbitration agreement to be valid, the unique language of arbitration agreement in the instant case compels a second level of inquiry: whether the agreement clearly and unmistakably provides that the parties have agreed to submit the question of arbi-trability to the arbitrator rather than to the courts. See Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (“[t]he question whether the parties have submitted a particular dispute to arbitration, i.e., the ‘question of arbitrability ’ is ‘an issue for *984 judicial determination [ujnless the parties clearly and unmistakably provide otherwise’ ”) (quoting AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)) (emphasis by the Court).
Because the district court failed to pass on either of these issues, we find it appropriate to vacate the district court’s judgment on relator’s exceptions and remand the case to the district court for a determination of these issues.
Accordingly, the writ is granted. The judgment of the district court is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.