944 So.2d 753 (2006)
Donald R. GANIER, Jr. and Pamela Ganier
v.
INGLEWOOD HOMES, INCORPORATED.
No. 2006-CA-0642.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 2006.
*755 Thomas A. Gennusa II, Joseph S. Piacun, Gennusa Law Firm, Metairie, LA, for Plaintiffs/Appellees, Dr. Donald R. Ganier, Jr. and Pamela Ganier.
Daniel A. Ranson, Gaudry, Ranson, Higgins & Gremillion, L.L.C., Gretna, LA, Dominic J. Ovella, Sean P. Mount, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, for Defendant/Appellant, Inglewood Homes, Inc.
(Court composed of Judge MAX N. TOBIAS JR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
LOMBARD, J.
Defendant, Inglewood Homes, Inc. ("Inglewood"), filed an interlocutory appeal from a judgment denying its Exception of Prematurity and Alternative Motion to Stay. For the reasons stated herein, we convert the appeal to an application for supervisory writs and affirm the trial court's judgment.
Relevant Facts
In 2001, Plaintiffs, Donald and Pamela Ganier ("the Ganiers"), entered into a contact with Inglewood for the construction of their home. After moving in upon the home's completion, the Ganiers noticed problems with the home including mildew, faulty stucco, leaking windows, etc. They contacted Inglewood about the problems and Inglewood remedied some, but not all, of them. The Ganiers subsequently filed suit for damages and attorney's fees on a breach of warranty claim. Inglewood answered the suit with an Exception of Prematurity or, in the Alternative, Motion to Stay based on an alleged contractual agreement to arbitrate contained in the construction contract. The clause, which is contained in Article VI of the construction contract provides that "any dispute relating to the contract be referenced for final determination by the Orleans Parish Inspection Department, or another expert mutually agreed on by the parties."
In their Opposition to the Exception, the Ganiers argued that the construction contract does not contain a valid and enforceable arbitration clause. According to the Ganiers, Article VI is hopelessly vague and ambiguous, as it never uses the terms "binding arbitration." They further argued that the "Orleans Parish Inspection Department" is a non-existent entity. Judge Giarusso denied Inglewood's Exception without providing reasons and Inglewood appealed.
Law and Discussion
At the outset, we note that the denial of an Exception of Prematurity is an interlocutory judgment. Louisiana Code of Civil Procedure Article 2083(C) governs the appealability of interlocutory judgments. The legislature amended Article 2083 last year, effective January 1, 2006. In its present form, Article 2083 provides that an interlocutory judgment is appealable only when expressly provided for by law. LA.CODE CIV. PROC. ART. 2083(C). The proper procedural vehicle to contest an interlocutory judgment that is not immediately appealable is an application for *756 supervisory writ. See LA.CODE CIV. PROC. ARTICLES 2087 AND 2201. However, we have the authority to exercise our supervisory jurisdiction and, in the interest of justice, treat the appeal of this interlocutory judgment as an application for supervisory writ.[1] See Reed v. Finklestein, 01-1015 (La.App. 4 Cir. 1/16/02); 807 So.2d 1032, 1033, reh'g. den. 1/30/02.
The determination as to whether to stay or compel arbitration is a question of law. Billieson v. City of New Orleans, 02-1993 (La.App. 4 Cir. 9/17/03), 863 So.2d 557. The standard of appellate review on questions of law is to determine whether the trial court was legally correct or incorrect. Id.
When the issue of whether to stay a proceeding pending arbitration is raised by the exception pleading prematurity, the party pleading the exception has the burden of showing the existence of a valid contract to arbitrate. Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La.1978). The threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. Breaux v. Stewart Enterprises, Inc., 04-1706 (La.10/8/04), 883 So.2d 983. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement.[2]Id., citing, Collins v. Prudential Ins. Co., 99-1423 (La.1/19/00), 752 So.2d 825.
Louisiana law favors arbitration.[3]Aguillard v. Auction Mgmt. Corp., 04-2804 (La.6/29/05), 908 So.2d 1, 7. However, an arbitration clause will not be enforced, notwithstanding the strong presumption in favor of arbitration, unless its meaning is "reasonably clear and ascertainable." J. Caldarera & Co. v. Louisiana Stadium & Exposition Dist., 98-294 (La.App. 5 Cir. 12/16/98); 725 So.2d 549, 551. Additionally, the Louisiana Civil Code provides that the interpretation of a contract is the determination of the common intent of the parties. LA. CIV.CODE. ART. 2045.
The construction contract in the instant case does not contain a clear, unequivocal written expression that the parties agreed to "arbitrate" disputes arising out of the contract. Article VI, the clause pursuant to which Defendants claim a right to arbitrate, does not contain the word arbitration. Instead, Article VI purports to require the parties to submit disputes for resolution to "the Orleans Parish Inspection Department," which, as the Ganiers pointed out, is a non-existent entity. Inglewood cited no cases in which a party was forced to arbitrate when the contract at issue did not contain the word arbitrate. The meaning of Article VI is neither clear nor ascertainable and is, therefore, unenforceable. Inglewood did not meet its burden *757 of proving the existence of a valid "Arbitration Agreement." Accordingly, the trial court's denial of Inglewood's Exception of Prematurity was legally correct and Inglewood's application for supervisory writ is DENIED.
APPEAL CONVERTED TO WRIT; WRIT DENIED
BELSOME, J., Concurs in the Result.
NOTES
[1] The motion for appeal was filed within the 30 day period applicable to supervisory writs contained in Uniform Rule 4-3 and thus, application for supervisory writs would have been timely.
[2] Once the trial court finds a valid arbitration agreement, Louisiana law provides a remedy for the party seeking arbitration. "If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement. . . ." LA. R.S. 9:4202.
[3] Louisiana courts look to federal law in interpreting the Louisiana Arbitration Law because it is virtually identical to the United States Arbitration Act, 9 U.S.C. §§ 1.14. Aguillard v. Auction Mgmt. Corp., 04-2804 (La.6/29/05), 908 So.2d at 18.