TERRI F. LOVE, Judge.
|, This appeal arises from a dispute as to whether a recipient of workers’ compensation benefits failed to comply with submitting to a second medical opinion and sanctions related thereto. The workers’ compensation judge found that the employee failed to submit to a second medical opinion. The workers’ compensation judge then ordered the employee to present at the doctor’s office for another appointment, to complete all of the medical forms required by the doctor, and suspended the employee’s medical benefits *970 retroactively, from the date of the first appointment to the second appointment. The workers’ compensation judge conducted a second hearing wherein she sanctioned the employee’s attorney pursuant to La. C.C.P. art. 863. We convert the appeal regarding the motion to compel into an application for supervisory review and deny the writ, as that issue is moot. We further find that the trial court erred in granting the motion for sanctions against employee’s counsel because counsel was attempting to assert a legal right, which does not present an exceptional circumstance warranting the award of sanctions.
This Court consolidated a separate application for supervisory review filed by the employee seeking review of the workers’ compensation judge’s decision to Rapply La. R.S. 23:1203.1 retroactively. We find that the workers’ compensation judge erred in retroactively applying a substantive statute, grant the writ, and remand for further proceedings.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Thelma Dardar originally injured her back in a work-related accident on October 21,1999. The Office of Workers’ Compensation approved an indemnity settlement on January 30, 2008. Ms. Dardar’s rights to medical treatment remained ongoing after the settlement. Ms. Dardar received a letter from her employer regarding the scheduling of an appointment for a second medical opinion (“SMO”) with Dr. Alan Joseph in reference to her ongoing receipt of workers’ compensation medical benefits. Forms for authorization and release of confidential information (“Forms”) were also included with the letter. Following receipt of the letter, Ms. Dardar contacted Attorney C. Ray Murry, her previous counsel, who handled the settlement, to provide legal counsel regarding the new demand for an SMO.
Attorney Murry reviewed the Forms and redacted certain portions. He then instructed Ms. Dardar to execute the Forms and initial by the redactions. Once completed, Attorney Murry faxed the Forms to Dr. Joseph’s office prior to Ms. Dardar’s scheduled appointment. Ms. Dardar presented for her scheduled appointment with Dr. Joseph. However, due to the redactions in the Forms signed by Ms. Dardar, Dr. Joseph refused to see Ms. Dardar.
After Dr. Joseph refused to see Ms. Dardar, Trinity United Methodist Preschool (“Trinity”), Ms. Dardar’s employer, and Church Mutual Insurance Company (“Church”), the insurer of Trinity (collectively “Plaintiffs”), filed a Disputed Claim for Compensation, an LDOL-WC-1008, alleging that:
|s[c]laimant failed to execute requested documents from insurer’s choice of physician, Dr. Alan Joseph, as provided by his office. Due to this failure, claimant was not seen by Church Mutual’s choice of physician. Church requests the claimant be compelled to attend this examination, her benefits be suspended during any period of refusal and Church Mutual be reimbursed the cost of this appointment.
A motion to compel was also attached, in which Ms. Dardar’s redacted Forms were labeled as “tantamount to refusal.”
Ms. Dardar then filed a dilatory exception of prematurity, pursuant to La. R.S. 23:1314, as well as peremptory exceptions of no cause of action and no right of action. Ms. Dardar also filed a motion to dismiss the disputed claim and a motion for sanctions in the form of attorney’s fees.
Following a hearing, the workers’ compensation judge issued an interlocutory *971 judgment granting the motion to compel and ordered that Ms. Dardar submit to an exam with Dr. Joseph[1] and complete his Forms on January 20, 2012. The workers’ compensation judge also suspended Ms. Dardar’s medical workers’ compensation benefits retroactively from the date of the first scheduled appointment. Ms. Dar-dar’s motions to dismiss Church’s Motion to Compel and for sanctions, which sought reasonable expenses and attorney’s fees, were denied. Additionally, the workers’ compensation judge overruled Ms. Dar-dar’s exceptions of prematurity, no right of action, and no cause of action. Lastly, the workers’ compensation judge granted Trinity’s oral motion for sanctions and set the matter for a hearing. Ms. Dardar then filed a notice of appeal, on January 25, 2012, and a notice of intent to apply for supervisory writs, on January 27, 2012. The workers’ compensation judge denied Ms. Dardar’s motion for a stay.
|4The workers’ compensation judge conducted a hearing on Trinity’s oral motion for sanctions, pursuant to La. C.C.P. art. 863. On February 10, 2012, the motion was granted and the workers’ compensation judge ordered Attorney Murry to pay $3,300 in attorney’s fees and $250 in travel expenses. The workers’ compensation judge then stated that the judgment was final and appealable. Ms. Dardar and Attorney Murry filed a motion for a suspen-sive appeal from both the interlocutory judgment previously rendered and the judgment regarding the motion for sanctions on February 15, 2012.

STANDARD OF REVIEW

Legal questions are reviewed by appellate courts with the de novo standard of review. O’Dwyer v. Edwards, 08-1492, p. 3 (La.App. 4 Cir. 6/10/09), 15 So.3d 308, 310.

MOTION TO COMPEL/PREMATURI-TYINO CAUSE OF ACTION/NO RIGHT OF ACTION/MOTION TO DISMISS AND FOR SANCTIONS

Ms. Dardar asserts that the workers’ compensation judge erred in overruling her dilatory exception of prematurity, exception of no right of action, exception of no cause of action, and in granting Church’s Motion to Compel because the Disputed Claim for Compensation did not contain one of the enumerated reasons contained in La. R.S. 23:1314.

Procedural Posture

First, we must address the procedural posture of Ms. Dardar’s contention regarding the exceptions before this Court. The denial of an exception of prematurity, no right of action, no cause of action, and the granting of a motion to 15compel are all interlocutory judgments that are not subject to appeal. See Ganier v. Inglewood Homes, Inc., 06-0642, p. 2 (La.App. 4 Cir. 11/8/06), 944 So.2d 753, 755-56; Box v. French Mkt. Corp., 593 So.2d 836, 837 (La.App. 4th Cir.1992); Price v. Price, 03-272, p. 2 (La.App. 5 Cir. 6/19/03), 850 So.2d 860, 861. “The proper procedural vehicle to contest an interlocutory judgment that is not immediately appealable is an application for supervisory writ.” Ganier, 06-0642, p. 2, 944 So.2d at 755-56. “However, we have the authority to exercise our supervisory jurisdiction and, in the interest of justice, treat the appeal of this interlocutory judgment as an application for supervisory writ.” Ganier, 06-0642, p. 2, 944 So.2d at 756.
Ms. Dardar filed her notice of appeal and notice of intent to apply for superviso *972 ry writs within thirty days of the judgment. See Rule 4-3, Uniform Rules— Court of Appeal. Therefore, we will consider the merits of Ms. Dardar’s claims in the form of an application for supervisory review.

Merits

“[T]he dilatory exception merely retards the progress of the action.” La. C.C.P. art. 923. The exception of prematurity is a dilatory exception. La. C.C.P. art. 926. “If the dilatory exception pleading want of amicable demand is sustained, the judgment shall impose all court costs upon the plaintiff.” La. C.C.P. art. 933.
Ms. Dardar contends that the Disputed Claim for Compensation was filed prematurely, as it did not contain one of the enumerated reasons specified in La. R.S. 23:1314 as required at the time of filing. Ms. Dardar also filed the exceptions of no right of action and no cause of action.
La. R.S. 23:1314 mandates that one of the following four allegations be contained in the Disputed Claim for Compensation:
|fil) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under the Chapter; or
2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
3) The employee has not been furnished copies of the report of examination made by the employer’s medical practitioners after written request therefore has been made under this Chapter; or
4) The employer or insurer has not paid penalties or attorney’s fees to which the employee or his dependent is entitled. The application for supervisory review
consolidated with the appeal contained the following substantive footnote regarding Church’s motion to compel and Ms. Dar-dar’s exceptions:
The SMO physician’s two-page Authorization for Release of Protected Health Information (PHI): (1) required Ms. Dardar to financially obligate herself to the cost of the examination even though it had been requested by the Insurer, in violation of the WCA; (2) expanded the scope of release of medical records beyond that permitted by the Health Insurance Portability and Accountability Act of 1996 (“HIPAA”), 42 U.S.C. § 1320d; and (3) required Ms. Dardar to accept medical treatment even though the SMO was for evaluation only, in violation of the WCA. In any event, the physician later withdrew his demand that Ms. Dardar agree to this language. (Emphasis added).
Additionally, Ms. Dardar admitted, in her response to this Court’s rule to show cause, that she “subsequently attended a medical examination with Dr. Joseph (after objectionable language was removed from the release presented to Ms. Dardar).”
“A matter is considered moot in a case when the rendition of the judgment can have no practical legal effect upon the existing controversy.” Cook v. Cook, 320 So.2d 612, 613 (La.App. 4th Cir.1975). “It is well established that courts will not rule on questions which become moot since the decree will render no 17useful purpose and can give no practical relief.” Id. See also Graves v. Louisiana Nat. Bank of Baton Rouge, 434 So.2d 1169, 1170 (La.App. 1st Cir.1983). This Court will not render advisory opinions. Council of City of New Orleans v. Sewerage And Water Bd. of New Orleans, 06-1989, p. 4 (La.4/11/07), 953 So.2d 798, 800, quoting St. Charles Parish School Board v. GAF Corp., 512 So.2d 1165 (La.1987), on reh’g.
*973 Given the undisputed facts provided in the consolidated application for supervisory review and Ms. Dardar’s response to our rule to show cause, we find that Ms. Dardar’s assertions regarding Church’s Motion to Compel, the trial court’s order for her to submit to an examination with Dr. Joseph, the order for her signature on the Forms, the suspension of her right to medical compensation, and her Motion to Dismiss and for Sanctions no longer presents an existing controversy because Ms. Dardar has signed the Forms and seen Dr. Joseph. Also, reviewing the trial court’s overruling of Ms. Dardar’s exceptions of prematurity, no right of action, and no cause of action would grant no practical relief. Therefore, the issues are moot, and a decree would result in an advisory opinion regarding the interpretation of La. R.S. 23:1314. We deny Ms. Dardar’s claims that were converted to an application for supervisory review.

APPEAL ON SANCTIONS

Attorney Murry asserts that the trial court erroneously granted Church’s Motion for Sanctions and ordered him to pay $3,300 in attorney’s fees and $250 in travel expenses. Attorney Murry contends that Church’s Motion for Sanctions was retaliatory when the workers’ compensation judge denied Ms. Dardar’s Motion for Sanctions.
La. C.C.P. art. 863 provides, in pertinent part:
|SD. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.
“La.C.C.P. art. 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively reasonable inquiry into the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry.” Goldbach v. Atchley, 01-616, p. 21 (La.App. 5 Cir. 11/27/01), 801 So.2d 1217, 1228. “The imposition of sanctions is used only in exceptional circumstances, and when there is even the slightest justification for the assertion of a legal right, sanctions are not warranted.’ ” Capdeville v. Winn Dixie Store #1473, 07-1425, p. 5 (La.App. 3 Cir. 4/9/08), 981 So.2d 121, 125, quoting Curole v. Avondale Indus., Inc., 01-1808, p. 5 (La.App. 4 Cir. 10/17/01), 798 So.2d 319, 322. “The failure of a party to prevail on a claim does not justify the imposition of sanctions.” Id. “A trial court’s determination of whether to impose sanctions will not be reversed unless it is manifestly erroneous or clearly wrong.” Id., 01-616, p. 21, 801 So.2d at 1229.
The workers’ compensation judge stated, at the hearing on Church’s Motion for Sanctions:
What I’d like to focus on is, just so that everybody’s clear, the reason that I granted the Motion for the Sanctions and we’re here this morning it’s not so much the exceptions that were filed, it’s the Motion for Sanctions that you all *974 filed against Ms. Shelby on her Rend. So, if that helps everybody kind of keep a better focus on the whole matter.
⅜ ⅝ ⅝ ⅛ ⅜ ⅝
What I’m trying to struggle with is and, you know, having dealt with you for as long as I have, the Motions for Sanctions that you filed when they clearly, in my opinion, had a right to get a second opinion under 1124.
[[Image here]]
That just to me seems like overkill and it almost seems like you’re confirming, yes, it was just so I could get paid.
I don’t find that that really makes it any better or it’s more of a justification under 863. To me it’s an even more egregious motivation to just flat out admit, well, it’s a medical dispute. I won’t get paid. I just want to make sure I get my costs offset.
[[Image here]]
And let me just note for the record, too, the finding under 863 is that, you know, again, not the exceptions that were filed in conjunction with the Motion to Compel, but on top of that it was the actual Motion for Sanctions that I didn’t feel was appropriate given the clear wording of Title 23, section 1124(B), which gives the employer the right to compel attendance at a second medical opinion. I didn’t feel that it was filed for any purpose other than, you know, I guess in your own words, was to kind of recoup your expenses that you wouldn’t ordinarily recoup from the client because we weren’t dealing with an indemnity claim and it was just simply a medical issue.
And for those reasons, I’m awarding sanctions under 863 and, again, the total is $3,550. And this will be a final ap-pealable judgment.
When there is the slightest justification for the assertion of a legal right, sanctions are not appropriate. According to the workers’ compensation judge’s statements, she ordered Attorney Murry to pay attorney’s fees and costs because he filed a separate Motion for Sanctions, which she did not find was warranted. However, Attorney Murry believed that Ms. Dardar tried to comply with Church’s request for a second medical opinion and that Church’s Motion to Compel was premature. Thus, his conduct does not present an exceptional circumstance, which would warrant sanctions. Therefore, we find that the trial court committed | mmanifest error in sanctioning Attorney Murry and reverse.

CONSOLIDATED WRIT FILED BY MS. DARDAR

Ms. Dardar contends that the trial court committed legal error by partially granting Church’s exception of prematurity as to Ms. Dardar’s claim for injections recommended by Dr. Rand Metoyer and by retroactively applying La. R.S. 23:1203.1.[2] The workers’ compensation judge also ordered that the request for injections be resubmitted within thirty days according to requirements of La. R.S. 23:1203.1.
The workers’ compensation judge held that the version of La. R.S. 23:1203.1 in effect at the time of the request for medical treatment applied and ordered Ms. Dardar to “re-submit the request for injections to the payor on Form 1010 and to the Medical Director on Form 1009 within *975 thirty days” in compliance therewith. Ms. Dardar asserts that the new guidelines for seeking medical benefits contained in La. R.S. 23:1203.1 do not apply because she was injured in 1999 and the settlement order regarding the payment of Ms. Dar-dar’s medical benefits was confected in 2008.
“[T]he general principle” is “that the law in effect at the time of the injury generally governs an action for workers’ compensation benefits.” Frith v. Riverwood, Inc., 04-1086, pp. 7-8 (La.1/19/05), 892 So.2d 7, 12-13. See also Bruno v. Harbert Int’l Inc., 593 So.2d 357, 360 (La.1992).
While the trial court found that the medical guidelines effective at the time of Ms. Dardar’s request for medical benefits applied, the analysis should have focused on the date of Ms. Dardar’s injury, October 21, 1999, and whether the new medical guidelines should be applied retroactively.
InThe Louisiana Supreme Court held that the determination of the retroactivity of a statute requires a “two-fold inquiry.” Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992). “First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application.” Id. If the legislature did not express its intent, “we must classify the enactment as substantive, procedural or interpretive.” Id. The Louisiana legislature did not expressly provide that the guidelines contained in La. R.S. 23:1203.1 would be applied retroactively. Therefore, we must determine whether the new provisions are substantive, procedural, or interpretive in nature.
“Substantive laws establish new rules, rights, and duties or change existing ones.” Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714, 723. “Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws.” Id. “Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment.” Id.
We find that La. R.S. 23:1203.1, which contains guidelines that did not exist when Ms. Dardar was injured, creates and places rules, rights, and duties upon a claimant seeking reimbursement for recommended medical treatment. Thus, we find that the enactment of La. R.S. 23:1203.1 was substantive in nature. Therefore, it does not apply retroactively to Ms. Dardar’s rights acquired when she sustained her work-related injury in 1999. Accordingly, we grant the writ, reverse the ruling of the workers’ compensation judge, and remand for the consideration of attorney’s fees and penalties.

DECREE

For the above-mentioned reasons, we deny Ms. Dardar’s converted | ^application for supervisory review as moot. We find that the workers’ compensation judge erroneously sanctioned Attorney Murry and reverse. Lastly, we find that La. R.S. 23:1203.1 was not meant to apply retroactively and grant Ms. Dardar’s application for supervisory review.
WRIT DENIED IN PART; WRIT GRANTED IN PART; APPEAL REVERSED AND REMANDED

. An exhibit filed with the consolidated application for supervisory review indicates that Ms. Dardar’s appointment with Dr. Joseph was rescheduled for March 6, 2012.

. La. R.S. 23:1203.1, a provision regarding the Medical Treatment Schedule, became effective on July 13, 2011.