JOY COSSICH LOBRANO, Judge.
| plaintiff, Larry Van Jackson (“Jackson”) appeals the April 22, 2013 trial court *1287 judgment overruling his exception of litigious redemption filed in response to the reconventional demand of Marquee Investment Properties, L.L.C. (“Marquee”). Marquee filed a motion to dismiss the appeal filed by Jackson.
The following is a chronology of relevant events in this matter:
• January 24, 1992 — John C. Pfeifer (“Pfeifer”), the original defendant in this case, purchased the property in New Orleans, Louisiana located at 7049 Magazine Street/203 Audubon Street (“the property”) and resided there until Hurricane Katrina in August 2005.
• August 2005 to May 2008 — Pfeifer did not occupy the property but claims that he visited it regularly.
• May 2008 — Pfeifer moved out of Louisiana but alleges that he intended to return to the property and never intended to relinquish possession of the property.
• Sometime after May 2008 — The property at issue was declared blighted by the City of New Orleans.
• August 18, 2010 — Jackson alleged that on this date, he took possession of the property, and began paying property taxes, maintaining the yard and making other expenditures to maintain the property.
• August 27, 2010 — Jackson filed an Affidavit of Possession on behalf of his company, Citywide Development Services, LLC, (“CDS”) in the Notarial Archives of Orleans Parish, stating that the affiant took corporeal possession of the property at issue in accordance with La. R.S. 9:5633 on August 18, 2010. CDS did not ^comply with the requirements of La. R.S. 9:5633 within the 270-day time limit set forth in the statute.[1]
• November 21, 2012 — Jackson filed, in his name only, a petition for possession of the property, against Pfeifer, the then-record owner of the property.
• January 10, 2013 — Pfeifer sold the property to Marquee for $48,000.00, and also transferred to Marquee all rights and actions to which Pfeifer was or may have been entitled regarding the property.
• January 22, 2013 — Marquee filed a motion to be substituted as defendant in place of Pfeifer due to the January 10, 2013 sale of the property from Pfeifer to Marquee. The trial court granted the motion.
• January 22, 2013 — Marquee filed an answer to Jackson’s possessory action, and a reconventional demand against Jackson and others. In the reconven-tional demand, Marquee asserted, among other things, that it is the sole owner of the property.[2]
• February 22, 2013 — Jackson filed a peremptory exception of litigious redemption in response to Marquee’s re-conventional demand.
In the exception of litigious redemption, Jackson noted that he initiated this litigation seeking to assert possessory and, ultimately, ownership rights against Pfeifer. Jackson alleged that he made substantial improvements to the property, and is entitled to compensation for the costs of these improvements and the enhanced value of the property as a good faith possessor. Because Pfeifer transferred his claims and interest in these proceedings to the substituted defendant, Marquee, Jackson alleged that he was exercising his right of litigious redemption, which entitles him to pay the sum of $40,000.00 to Marquee in exchange *1288 for all rights acquired by Marquee in its transaction with Pfeifer,[3] | Marquee opposed the exception of litigious redemption, which was denied by the trial court on April 22, 2018. Jackson appealed.
Before addressing the trial court’s judgment of April 22, 2018, we note that the judgment appealed from is a non-appeal-able interlocutory judgment. See La. C.C.P. articles 1841 and 2083(C). However, this Court has converted appeals of non-appealable interlocutory judgments to applications for supervisory writs in cases where the appeals were filed within the thirty-day period allowed for the filing of applications for supervisory writs. Barham, Warner & Bellamy, L.L.C. v. Strategic Alliance Partners, L.L.C., 2009-1528, p. 4 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152; Ordoyne v. Ordoyne, 2007-0235, p. 4 (La.App. 4 Cir. 4/2/08), 982 So.2d 899, 902; Ganier v. Inglewood Homes, Inc., 2006-0642, p. 2 (La.App. 4 Cir. 11/8/06), 944 So.2d 753, 756.
In this case, the motion for devolutive appeal was filed within the thirty-day period applicable to supervisory writs contained in Uniform Rules — Courts of Appeal, Rule 4-3. Accordingly, we will convert the appeal of the April 22, 2013 judgment to an application for supervisory writs, and consider it under our supervisory jurisdiction.
Plaintiff filed his peremptory exception of litigious redemption pursuant to La. C.C. article 2652. The trial court overruled the exception, finding La. C.C. article 2652 inapplicable in this matter, and, in effect, dismissing Jackson’s claim for redemption of a litigious right. We agree.
La. C.C. article 2652 states:
|4When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.
A right is litigious, for that purpose, when it is contested in a suit already filed.
Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.
La. C.C. article 1756 defines an obligation as follows:
An obligation is a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee. Performance may consist of giving, doing, or not doing something.
Under Louisiana law, “debtor” is synonymous with “obligor.” La. C.C. article 1756, comment (c). Jackson was not and is not a debtor/obligor of Pfeifer.[4] Nothing in the record indicates that Jackson and Pfeifer ever had a legal relationship whereby Jackson was bound to render a performance in favor of Pfeifer. Jackson is not a “debtor” within the meaning of La. C.C. article 2652. Therefore, Jackson can *1289 not, under La. C.C. article 2652, claim the right to litigious redemption from Marquee.
For these reasons, the writ application is granted and the trial court judgment is affirmed. The motion to dismiss the appeal filed by Marquee is denied.
MOTION TO DISMISS APPEAL DENIED; APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRITS; WRIT APPLICATION GRANTED; JUDGMENT AFFIRMED.

. La. R.S. 9:5633 provides a method of acquiring ownership of blighted property by means of the acquisitive prescription of three years.

. Pfeifer did not file an answer to Jackson’s possessory action.

. Included in the exception is this statement: "Plaintiff and defendant in reconvention [Jackson] hereby exercises [sic] his right of litigious redemption by payment of $40,000.00 to Marquee Investment Properties, LLC in exchange for reimbursement of the $40,000 payment made for the property rights in litigation in these proceedings.” We note that the record does not show that Jackson tendered any money to Marquee, or put any sum into the registry of the court. We also note that Marquee purchased the property from Pfeifer for the sum of $48,000.00, not $40,000.00.

. In Jackson's memorandum filed in opposition to Marquee's motion for injunctive relief, Jackson twice refers to himself as a creditor of Pfeifer.