WEIMER, Justice.
| ,We granted certiorari in this case to consider whether La. R.S. 23:1203.1 applies to a dispute arising out of a request for medical treatment where the request for treatment was submitted after the effective date of the statute and the medical treatment schedule, but the compensable accident and injury that necessitated the request occurred prior to that date. Both the Office of Workers’ Compensation (OWC) and the court of appeal ruled that La. R.S. 23:1203.1 applies to all requests for medical treatment submitted after the statute’s effective date, regardless of the date of accident and injury. Finding that La. R.S. 23:1203.1 is procedural and does not affect substantive rights and applies to all requests for medical treatment and/or all disputes emanating from requests for medical treatment after the effective date of the medical treatment schedule, regardless of the date of the work-related accident and injury, we affirm the decisions below.
FACTS AND PROCEDURAL HISTORY
On May 13, 2006, Callie Ann Cook injured her back while in the course and scope of her employment with Family Care Services, Inc. (“Family Care”). In 2007, Ras a result of that injury, she underwent lower back surgery, consisting of a fusion at the L4-5 level. Since the surgery, she has continued to receive treatment from orthopedist, Dr. Austin Gleason.
The present dispute arose in April 2012, when Dr. Gleason requested and submitted to Family Care an LWC Form 1010 seeking authorization for a CT scan of Ms. Cook’s lumbar spine. The request was denied by Family Care. In August of that same year, Dr. Gleason again sought authorization for a lumbar CT scan, submitting a second LWC Form 1010 to Family Care on September 4, 2012. That request was denied based on a finding that the procedure was not medically necessary according to the medical treatment schedule promulgated pursuant to La. R.S. 23:1203.1.
Ms. Cook then filed an LWC Form 1009 with the medical director of the OWC, seeking review of her employer’s adverse determination. The medical director denied her request for authorization. Thereafter, Ms. Cook filed an LWC Form 1008, a disputed claim for compensation, seeking authorization for the requested CT scan, plus penalties and attorney’s fees for Family Care’s arbitrary and capricious refusal to approve that medical procedure. In the disputed claim, Ms. Cook specifically averred that because her accident predated the passage of La. R.S. 23:1203.1, that statute, requiring requests for medical treatment be submitted to OWC’s medical director for approval, has no application to her present claim.
*971 In response to Ms. Cook’s pleading, the OWC issued a rule to show cause, directing the parties to address the applicability of La. R.S. 28:1203.1 to Ms. Cook’s disputed claim. Following a hearing on the issue, the OWC overruled Ms. Cook’s objections to the application of La. R.S. 23:1208.1, finding the statute applies to the 2012 request for medical treatment arising from the 2006 accident.
1 ¡¡From the OWC’s decision, Ms. Cook applied for supervisory review. While the application was pending, the court of appeal was notified by the parties that Family Care had approved Ms. Cook’s request for a CT scan of the lumbar spine, mooting the request for issuance of an order authorizing the procedure, but leaving extant Ms. Cook’s claim for penalties and attorney’s fees.
After considering the arguments of the parties, the court of appeal denied Ms. Cook’s writ application, finding the OWC correctly determined that La. R.S. 23:1203.1 applies to Ms. Cook’s claim for medical treatment for her on-the-job injury sustained prior to the statute’s effective date. Cook v. Family Care Services, Inc., 13-108 (La.App. 3 Cir. 8/28/13), 121 So.3d 1274. In reaching its decision, the court of appeal reasoned the application of the statute to work-place accidents that occurred prior to its effective date does not remove any substantive right to medical care, that the statute is procedural in nature, and the application of the statute to disputes arising after its effective date regardless of the date of accident and injury is consistent with the language of the statute and the legislative intent. Id. 13-108 at.7-8, 121 So.3d at 1279-80.
On Ms. Cook’s application, we granted supervisory review and consolidated this case for argument with Church Mutual Insurance Company v. Dardar, 12-0659 (La.App. 4 Cir. 6/26/13), 119 So.3d 967, writ granted, 13-2351 (La.1/17/14), 130 So.3d 332, decided in a separate opinion issued contemporaneously with this matter. See Cook v. Family Care Services, Inc., 13-2326 (La.1/17/14), 130 So.3d 332.
LAW AND ANALYSIS
For the reasons assigned this day in Church Mutual Insurance Company v. Dardar, 13-2351 (La.5/7/14), 145 So.3d 271, 2014 WL 1800067, we find La. R.S. 23:1203.1 does not Loperate retroactively in this case; rather, it operates prospectively only and applies to Ms. Cook’s claim for medical treatment submitted after its effective date and the promulgation of the medical treatment schedule, notwithstanding her work-related injury antedates the enactment of the statute and the promulgation of the medical treatment schedule. Accordingly, we affirm the decisions of the lower courts and remand this matter to the OWC for further proceedings.
AFFIRMED AND REMANDED.