# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1112

**PEGGY EDWARDS**

**VERSUS**

**PLANT WORKS, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 13-02553 (4)
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JIMMIE C. PETERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Jimmie C. Peters, Judges.

**AFFIRMED**

**Jeffrey J. Warrens**
**Amanda H. Carmon**
**Johnson, Rahman, & Thomas**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0934**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Plant Works**
    **Louisiana Workers' Compensation Corporation**

**Jennifer B. Valois**
**Barber Law Firm**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337) 232-9893**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Peggy Edwards**

**PETERS, J.**

We consider this matter on remand from the supreme court for reconsideration in light of its opinion in *Church Mutual Insurance Company v. Dardar*, 13-2351 (La. 5/7/14), __ So.3d __, and *Cook v. Family Care Services, Inc.*, 13-2326 (La. 5/7/14), __ So.3d __. After complying with the supreme court order on remand, we affirm the judgment of the workers' compensation judge.

## DISCUSSION OF THE RECORD

The facts of this matter were fully addressed in our prior opinion, *Edwards v. Plant Works*, 13-1112 (La.App. 3 Cir. 2/12/14), __ So.3d __, and we adopt those facts as though fully incorporated herein. In our decision, we held that while the provisions of La.R.S. 23:1203.1 were procedural in nature, their substantive effect required prospective application only.[1] Accordingly, we held that the workers' compensation judge (WCJ) was bound to follow the law in effect at the time of Ms. Edwards work-related injury; thus, we found no error in the WCJ's judgment ordering an independent medical examination of Ms. Edwards.

Subsequent to our decision, Plant Works and LWCC (referred to collectively as Plant Works) sought and were granted writs by the supreme court. *Edwards v. Plant Works*, 14-484 (La. 6/13/14), __ So.3d __. In granting the writ, the supreme court vacated our prior opinion and ordered that we reconsider Plant Works' appeal in light of its opinions in *Church Mutual* and *Cook*.[2] In *Church Mutual*, __ So.3d at __, p. 25, the supreme court held that La.R.S. 23:1203.1:

---

[1] La.R.S. 23:1203.1 requires an employee, after a request for medical treatment has been denied by the employer, to appeal the denial to the Office of Workers' Compensation's Medical Director. It is only after the Medical Director finds that the treatment requested is not in accordance with the medical treatment schedule that the employee is allowed to file a disputed claim and seek review of the Medical Director's ruling by the WCJ pursuant to a clear and convincing burden of proof.

[2] In *Cook*, which was consolidated for argument purposes before the supreme court with *Church Mutual*, the supreme court affirmed the lower courts' decisions based on the reasons assigned in *Church Mutual*.

[I]s a procedural vehicle that concerns the procedure for enforcing a substantive right. As such, it does not impinge on or lessen the substantive right to necessary medical treatment conferred by La. R.S. 23:1203. Rather, it applies prospectively to all requests for medical treatment and/or disputes arising out of requests for medical treatment arising after the effective date of La. R.S. 23:1203.1 and the medical treatment schedule, regardless of the date of accident.

Accordingly, we will reconsider Plant Works' appeal in light of this ruling.

## OPINION

On appeal, Plant Works argues that the WCJ legally erred in ordering the IME because "LSA-R.S. 23:1203.1 places authority for medical necessity determinations with the Office of Workers' Compensation Medical Director rather than with an Independent Medical Examiner." As noted in our prior opinion, this assignment of error raises a question of law; therefore, we will review this issue in order to determine whether the WCJ was legally correct in her ruling. *Orr v. Acad. La. Co., L.L.C.*, 12-1411 (La.App. 3 Cir. 5/1/13), __ So.3d __.

Louisiana Revised Statutes 23:1203.1, provides, in part, the basis for the medical treatment schedule and the procedure to be followed whenever medical treatment is recommended in relation to an employee's work-related injury(ies):

D. The medical treatment schedule shall be based on guidelines which shall meet all of the following criteria:

(1) Rely on specified, comprehensive, and ongoing systematic medical literature review.

(2) Contain published criteria for rating studies and for determining the overall strength of the medical evidence, including the size of the sample, whether the authors and researchers had any financial interest in the product or service being studied, the design of the study and identification of any bias, and the statistical significance of the study.

(3) Are current and the most recent version produced, which shall mean that documented evidence can be produced or verified that the guideline was developed, reviewed, or revised within the previous five years.

2

(4) Are interdisciplinary and address the frequency, duration, intensity, and appropriateness of treatment procedures and modalities for all disciplines commonly performing treatment of employment-related injuries and diseases.

(5) Are, by statute or rule, adopted by any other state regarding medical treatment for workers' compensation injuries, diseases, or conditions.

. . . .

I. After the promulgation of the medical treatment schedule, throughout this Chapter, and notwithstanding any provision of law to the contrary, medical care, services, and treatment due, pursuant to R.S. 23:1203, et seq., by the employer to the employee shall mean care, services, and treatment in accordance with the medical treatment schedule. Medical care, services, and treatment that varies from the promulgated medical treatment schedule shall also be due by the employer when it is demonstrated to the medical director of the office by a preponderance of the scientific medical evidence, that a variance from the medical treatment schedule is reasonably required to cure or relieve the injured worker from the effects of the injury or occupational disease given the circumstances.

J. (1) After a medical provider has submitted to the payor the request for authorization and the information required by the Louisiana Administrative Code, Title 40, Chapter 27, the payor shall notify the medical provider of their action on the request within five business days of receipt of the request. If any dispute arises after January 1, 2011, as to whether the recommended care, services, or treatment is in accordance with the medical treatment schedule, or whether a variance from the medical treatment schedule is reasonably required as contemplated in Subsection I of this Section, any aggrieved party shall file, within fifteen calendar days, an appeal with the office of workers' compensation administration medical director or associate medical director on a form promulgated by the director. The medical director or associate medical director shall render a decision as soon as is practicable, but in no event, not more than thirty calendar days from the date of filing.

. . . .

K. After the issuance of the decision by the medical director or associate medical director of the office, any party who disagrees with the decision, may then appeal by filing a "Disputed Claim for Compensation", which is LWC Form 1008. The decision may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director or associate medical director was not in accordance with the provisions of this Section.

3

During the hearing on Ms. Edwards' appeal from the Medical Director's decision, the WCJ initially indicated that she would attempt to expedite the matter by forwarding the psychological report directly to the Medical Director in order to determine if the report had been considered by the Medical Director in his decision. However, once the WCJ learned of Ms. Edwards' subsequent hospitalization, she determined that the entire matter, including the newer medical records, should be submitted to the Medical Director for reconsideration. At this point, counsel for Ms. Edwards questioned whether an IME would be appropriate "to review the claimant for . . . the issues relating to this surgery, because quite frankly, it's a very complex procedure, and she's already got substantial instrumentation." Upon query from the WCJ, Plant Works objected to the request since the only question before the WCJ pertained to the medical necessity of the requested surgery.

In ordering the IME, the WCJ stated the following:

Okay. Well, then, I'm going to appoint the IME with the understanding that this is unusual. It is atypical due to the nature of the proceeding, or the injury, or proposed treatment; but partially so that we can have something going on because of the fact that I have not received what I needed from the medical director, and because of that, we're delayed and we have to go back.

So, understand, Ms. Valois that, of course, an IME is never, by law determinative. It's always part of what is considered.

. . . .

But I don't think it can hurt in this case to have something in the nature of a second opinion that, eventually, may be submitted to the medical director, also. In the meantime, follow what is in process, because I do think that the medical director needs to look at the hospitalization records, but this will give us some enlightenment, I guess, while we wait for an all-fours determination from the medical director.

. . . .

In recognition of the circumstances here, I am appointing an IME, which is something I typically wouldn't be inclined to do. I am

4

doing that in recognition of the unfortunate circumstances we're dealing with.

. . . .

For the reasons we have discussed, I am denying the appeal in this matter under this, what I have before me. My first option would be, typically, to do the remand. But considering the advent of new, and I believe important, medical evidence, it would not further anyone's interests to do the remand at this time. I believe there needs to be a resubmission with the new medical records.

However, in recognition of these unfortunate circumstances, I am going to appoint an IME to give me information on the reasonableness and necessity of the surgery requested.

The WCJ possesses the authority, as recognized by Plant Works' counsel during the hearing, to order an IME of the injured worker pursuant to La.R.S. 23:1123, which provides:

If any dispute arises as to the condition of the employee, or the employee's capacity to work, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.

While we recognize that a 2012 amendment to La.R.S. 23:1123 removed language which allowed the WCJ to order an IME when a dispute arose over medical treatment recommended for the employee, the WCJ still retains the authority to order an IME whenever the employee's condition is called into question. La.R.S. 23:1123 (2011) (amended 2012). In this instance, the WCJ concluded that the factual situation before her was so convoluted that a second medical opinion regarding Ms. Edwards' medical condition was necessary to assist both the Medical Director and her in determining whether the requested surgery was medically necessary. Accordingly, we find that the WCJ acted within her

5

discretion in appointing an IME to examine Ms. Edwards with regard to her current condition.

Furthermore, although Ms. Edwards' request for an IME was technically untimely, as it was not requested at or prior to a pretrial conference, La.R.S. 1317.1(A) states that any request made thereafter shall be granted upon a showing of good cause or that it would be in the best interest of justice for the IME to occur. The WCJ obviously found in the affirmative on both of these questions, and we find no error in this finding.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the workers' compensation judge in ordering that Peggy Edwards submit to an independent medical examination. We assess all costs of this appeal to Plant Works and Louisiana Workers' Compensation Corporation.

**AFFIRMED.**

6