# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-482


DENA ROMERO

VERSUS

GARAN'S, INC.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT  4
PARISH OF LAFAYETTE, NO. 02-02417
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, Jimmie C. Peters, Marc T. Amy, Elizabeth A. Pickett, Billy Howard Ezell, J. David Painter, James T. Genovese, Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.


**AFFIRMED IN PART
AND DISMISSED IN PART.**


**Cooks, J., Joins the majority on remand in compliance with the State Supreme Court's instructions.**

Michael B. Miller
P. O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
     Dena Romero

**H. Douglas Hunter**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Garan's, Inc.**
**Liberty Mutual Insurance Company**

**PETERS, J.**

We consider this matter on remand from the supreme court for reconsideration in light of its opinion in *Church Mutual Insurance Company v. Dardar*, 13-2351 (La. 5/7/14), __ So.3d __, and *Cook v. Family Care Services, Inc.*, 13-2326 (La. 5/7/14), __ So.3d __. After complying with the supreme court order on remand, we affirm in part and dismiss in part.

## DISCUSSION OF THE RECORD

The facts of this matter were fully addressed in our prior opinion, *Romero v. Garan's, Inc.*, 13-482 (La.App. 3 Cir. 12/26/13), 130 So.3d 451 (en banc), and we adopt those facts as though fully incorporated herein. In that decision, we held that while the provisions of La.R.S. 23:1203.1 were procedural in nature, their substantive effect required prospective application only.[1] Accordingly, we held that the workers' compensation judge (WCJ) was bound to follow the law in effect at the time of Ms. Romero's work-related injury; thus, we awarded Ms. Romero penalties and attorney fees based on Garan and Liberty Mutual's failure to reasonably controvert Dr. Jindia's request for the radiofrequency facet-nerve ablation procedure prior to denying authorization.

Subsequent to our decision, Garan and Liberty Mutual (referred to collectively as Garan) sought and were granted writs by the supreme court. *Romero v. Garan's Inc.*, 14-204 (La. 6/13/14), __ So.3d __. In granting the writ, the supreme court vacated our prior opinion and ordered that we reconsider Garan's appeal in light of its opinion in *Church Mutual* and *Cook*. In *Church Mutual*, __ So.3d at __, p. 25, the supreme court held that La.R.S. 23:1203.1:

---

[1] La.R.S. 23:1203.1 requires an employee, after a request for medical treatment has been denied by the employer, to appeal the denial to the Office of Workers' Compensation's Medical Director. It is only after the Medical Director finds that the treatment requested is not in accordance with the medical treatment schedule that the employee is allowed to file a disputed claim and seek review of the Medical Director's ruling by the WCJ pursuant to a clear and convincing burden of proof.

[I]s a procedural vehicle that concerns the procedure for enforcing a substantive right. As such, it does not impinge on or lessen the substantive right to necessary medical treatment conferred by La. R.S. 23:1203. Rather, it applies prospectively to all requests for medical treatment and/or disputes arising out of requests for medical treatment arising after the effective date of La. R.S. 23:1203.1 and the medical treatment schedule, regardless of the date of accident.

Accordingly, we will reconsider Garan's appeal in light of this ruling.

**OPINION**

On remand, only Garan's second and fourth assignments of error require reconsideration in light of the supreme court's opinion in *Church Mutual* and *Cook*:

. . . .

2. The workers' compensation judge erred in allowing <u>LSA R.S. 23:1203.1</u> as a defense in a pending claim for the nonpayment of reasonable and necessary medical treatment.

. . . .

4. The workers' compensation judge erred in failing to award a . . . $3,000.00 penalty for the denial of medical treatment recommended by Dr. Jindia.

***Application of La.R.S. 23:1203.1***

In these two assignments of error, Ms. Romero argues that the WCJ legally erred in relying on La.R.S. 23:1203.1 to deny her request for penalties and attorney fees based on Garan's untimely approval of medical treatment. The gist of Ms. Romero's argument is that the medical-treatment-approval procedure outlined in La.R.S. 23:1203.1 applies only to those cases in which a disputed claim has not been filed with the Office of Workers' Compensation. She argues that once an employee files a disputed claim, all decisions emanating from that claim, including disputes over medical treatment, rest within the exclusive jurisdiction of the WCJ. She further claims that only the physician, and not the employee, is involved in the process set out in La.R.S. 23:1203.1.

2

However, despite Ms. Romero's argument to the contrary, the supreme court has clearly held that La.R.S. 23:1203.1 applies to all requests for medical treatment arising subsequent to the medical treatment schedule's effective date. Based on the foregoing, we find no merit in Ms. Romero's second assignment of error.

In considering whether the WCJ erred in denying her penalties and attorney fees based on Garan's denial of the recommended treatment, we noted in our prior opinion that the medical treatment schedule required by La.R.S. 23:1203.1 was promulgated in June of 2011; Dr. Jindia's preauthorization request was forwarded to Liberty Mutual on November 22, 2011; and Liberty Mutual's utilization-review department telephoned Dr. Jindia's office on November 29, 2011, denying the request and, the next day, forwarded a written denial. The written denial contained an explanation for the denial of the procedure and gave notice of the appeal rights provided in La.R.S. 23:1203.1(K). Furthermore, as we pointed out in that opinion, neither Ms. Romero nor Dr. Jindia sought relief from the denial through the appeal process.

It is well settled that the failure to authorize or pay for medical treatment equates to the failure to furnish benefits, which can subject an employer to penalties and attorney fees. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181. Pursuant to La.R.S. 23:1201(E), "Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof."[2] In this instance, although the requested procedure was initially denied on November 29, 2011, Ms. Dunn eventually approved the procedure on January 6, 2012, approximately forty-six days after Liberty Mutual received written notice of the request. We find no merit in Ms. Romero's

---

[2] This version of La.R.S. 23:1201(E) was in effect until July 1, 2013. La.R.S. 23:1201(E) was amended by 2012 La. Acts No. 652, § 1.

argument that La.R.S. 23:1201(G), pertaining to the payment of awards under a final, nonappealable judgment, controls the time period in which the treatment had to be approved. Accordingly, since Garan's approval of the radiofrequency facet-nerve ablation was timely, the judgment of the WCJ denying penalties and attorney fees based on Garan's failure to authorize the requested procedure is affirmed.

***Remaining Assignments of Error***

Because Ms. Romero's remaining assignments of error are not affected by *Church Mutual* and *Cook*, we re-affirm our prior opinion as to those issues.

## DISPOSITION

For the foregoing reasons, we dismiss that portion of Dena Romero's appeal addressing the penalty award of the July 12, 2012 judgment as being untimely filed and affirm the remainder of the judgment of the workers' compensation judge. We assess the costs of this appeal to Dena Romero.

**AFFIRMED IN PART AND DISMISSED IN PART.**