## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-653


CHERYL A. MCCAIN

VERSUS

MOTEL 6


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 19-01839
DIANNE M. MAYO, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN E. CONERY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and John E. Conery,
Judges.


**AFFIRMED.**

**Andres Gomez**
**Allen & Gooch**
**Post Office Box 81129**
**Lafayette, Louisiana  70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **G6 Hospitality, LLC d/b/a Motel 6**
    **Liberty Mutual Insurance Company**

**Thomas E. Townsley**
**Attorney at Law**
**711 Pujo Street**
**Lake Charles, Louisiana  70601**
**(337) 430-0994**
**COUNSEL FOR CLAIMANT/APPELLEE:**
    **Cheryl A. McCain**

**CONERY, Judge.**

G6 Hospitality d/b/a Motel 6 (Motel 6), and Liberty Mutual Insurance Company (Liberty Mutual) appeal the ruling of the Workers' Compensation Judge (WCJ), which overturned the decision of the Medical Director, and approved a walk-in tub for the claimant, Cheryl McCain. The WCJ awarded $2,000.00 in penalties to Mrs. McCain, and $5,000.00 in attorney fees for the arbitrary and capricious handling of the claim against Motel 6 and Liberty Mutual. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Mrs. McCain was an employee of Motel 6 on January 29, 2013, when she was injured after being bitten on the knee by a large dog. The bite developed into a complex regional pain syndrome for which she is being treated by Dr. Fayez Shamieh, a neurologist.

During Dr. Shamieh's discussions with Mrs. McCain and her husband, it came to light that she was having difficulty with her hygiene. Due to her injury, she cannot stand in the shower, and Mrs. McCain has a difficult time getting in and out of the bathtub. Mrs. McCain's husband has assisted her in the past, but he has undergone shoulder surgery, and can no longer safely assist her. Mrs. McCain and her husband testified that she has had to be taken to the Lake Charles Emergency Room on three or four occasions to be treated for injuries received in falls in her bathtub.

Mrs. McCain contends she is entitled to maintain personal hygiene and the walk-in tub will allow her to safely do so. She claims she is entitled to be self-sufficient in her ability to bathe herself. Her treating physician, Dr. Shamieh, recommended a combination walk-in tub/shower chair and deemed both to be

medically necessary due to Mrs. McCain's weight and the lack of help her husband can provide. On January 29, 2019, Dr. Shamieh submitted by facsimile an LWC-WC-1010 Form to Liberty Mutual, Motel 6's workers' compensation insurer, requesting the walk-in tub. In his evaluation, which was attached to the LWC-WC-1010 Form, Dr. Shamieh stated:

> I recommend for her a walk in tub because she is heavy[,] and her husband cannot help her. It would be of more help if she would have a combination of the walk in tub as well as shower chair so she can be able to shower and **both of them are medically necessary**."[1]

(Emphasis added.)

Liberty Mutual's internal medical physician, Dr. Pavan Malur, conducted a Utilization Review (UR) on February 1, 2019. **Dr. Malur reviewed all the medical records for Mrs. McCain and approved the walk-in tub, also on February 1, 2019**. The recommendation of a shower chair by Dr. Shamieh was not part of Dr. Malur's UR review. Dr. Malur concluded, "**[T]herefore, the request for a walk-in tub due to bilateral leg pain and swelling is medically necessary and given approval.**" (Emphasis added.)

Despite Dr. Malur's approval of the walk-in tub as medically necessary given Mrs. McCain's condition, the approval by Liberty Mutual for the walk-in tub was only for a rental of three months. On February 5, 2019, Liberty Mutual issued a conditional approval of Dr. Shamieh's recommendation for the walk-in tub as follows, "Approval with Modification...TREATMENT/SERVICE REQUEST: Walk in tub purchase due to bilateral leg pain and swelling approval with modification to 3 month rental."

---

[1] The record is not clear as to whether Mrs. McCain had a shower separate from her bathtub in her home. If not, it is likewise unclear how a "shower chair" would be of any assistance as a walk-in tub already has a built in seat.

Ms. Darlene Keen, who is employed by Mrs. McCain's counsel, testified that she made an intensive investigation of the availability of the rental of a walk-in tub, as required by Liberty Mutual. Ms. Keen testified at the hearing:

> I called numerous vendors. I called everyone that's listed in Calcasieu Parish. I thought maybe because Calcasieu is so small, the towns, I tried Houston; I tried Dallas. I ended up with a gentleman from Chicago that was a specialist in these; and they all told me that, due to the plumbing issues, they could not rent these machines out.

After informing defense counsel that it was impossible to rent the walk-in tub as required by the Liberty Mutual decision modifying the request for the walk-in tub to a rental, Ms. Keen testified that defense counsel responded, he would "see what we can do." However, he later called her back and said, "Darlene, you are going to have to file an appeal."

On February 20, 2019, Mrs. McCain's LWC-WC FORM 1009 Disputed Claim for Medical Treatment was submitted to the Medical Director for review. On March 19, 2019, the Medical Director issued a "Medical Guidelines Dispute Decision," which stated, "**Reviewed Services**: **Walk In Tub**…**Decision: DENIED**."

The Medical Director's Decision further stated, "All records submitted were reviewed. The documentation submitted **does not** support the approval of the requested services in review for compliance with the Medical Treatment Schedule." Additionally, the Decision stated, "**The MTG notes the following specific to this request: This is not allowable anywhere in the guidelines**." (Emphasis added.)

The Medical Director's Decision failed to discuss the central issue that despite the fact that both Mrs. McCain's treating physician and Liberty Mutual's UR physician had deemed the walk-in tub medically necessary, approval had only been given for a three month rental, but not the purchase of the walk-in tub.

3

In response to the Medical Director's Denial of Mrs. McCain's request for a walk-in tub, on March 22, 2019, her counsel filed a Form LWC-WC-1008 Disputed Claim for Compensation, pursuant to La.R.S. 23:1203.1(J), naming Motel 6 and Liberty Mutual as defendants and seeking judicial review by the WCJ of the Medical Director's denial of the walk-in tub for Mrs. McCain.

A hearing was held before the WCJ on April 24, 2019. The only issue before the WCJ was the denial by the Medical Director of the walk-in tub to Mrs. McCain. Testimony was taken from Mr. and Mrs. McCain, who explained the problems Mrs. McCain was experiencing with her inability to be self-sufficient in her daily hygiene routine, and the injuries she suffered as a result of her inability to enter and exit the bathtub in their home safely. As previously discussed, Ms. Keen testified to the circumstances which led to the determination that a walk-in tub could not be rented due to the issues with plumbing fixtures, which required that the walk-in tub be purchased.

After a discussion with counsel on the differences between a "whirlpool or spas" which are "not necessary to maintain function" under the Medical Treatment Guidelines (MTG), and a walk-in tub, which is not listed in the MTG, the WCJ heard the final arguments of counsel and issued oral reasons on the record at the close of the April 24, 2019 hearing, finding in favor of Mrs. McCain.

The WCJ issued its judgment on May 1, 2019, approving the walk-in tub for Mrs. McCain, awarding her $2,000.00 in penalties, and assessing "$5,000.00 in attorney fees for the arbitrary and capricious handling of the claim." It is from the May 1, 2019 judgment that this timely suspensive appeal was filed by Motel 6 and Liberty Mutual. Claimant, Mrs. McCain, has answered the appeal seeking additional attorney fees for defense of the appeal.

## ASSIGNMENTS OF ERROR

1.    The Trial Court erred in overturning the Medical Director's decision by approving the Walk-In Tub without support of medical evidence or expert testimony.

2.    The Trial Court erred in granting penalties and attorney fees for the arbitrary and capricious handling of the claim.

## LAW AND DISCUSSION

### *Standard of Review*

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Smith v. La. Dep't of Corr.*, 93-1305 (La. 2/28/94), 633 So.2d 129. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart v. State*, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Id.* Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

### *Assignment of Error One--Lack of Medical Evidence and Expert Testimony*

In their first assignment of error, appellants claim that the trial court erred in overturning the Medical Director's Decision to deny the walk-in tub, which is not included in the MTG, without medical evidence and expert testimony. Counsel argues that the WCJ erred in finding the recommendation for a walk-in tub was medically necessary on the basis of a lay person's testimony.

5

In support of her ruling, the WCJ cited the case of *Ardoin v. Calcasieu Parish School Board*, 15-814 (La.App. 3 Cir. 2/3/16), 184 So.3d 896, *writ denied*, 16-641 (La. 5/27/16), 192 So.3d 738. As in this case, the issue was whether a modality for treatment not listed in the MTG could be approved based on a finding of medical necessity. In *Ardoin*, the WCJ awarded an adjustable bed to the claimant, finding that the School Board failed to reasonably controvert the medical necessity for an adjustable bed. Penalties and attorney fees were also awarded in that case. This court affirmed the necessity of the adjustable bed as well as the WCJ's award of penalties and attorney fees. *Id.*

The panel in *Ardoin* further quoted from the supreme court's seminal ruling in *Church Mutual Insurance Co. v. Dardar*, 13-2351, pp. 18-20 (La. 5/7/14), 145 So.3d 271, 284, which explained that:

> "Louisiana R.S. 23:1203 and 23:1203.1 are .... are laws on the same subject matter which must and can be interpreted in reference to each other...."
>
> . . . .
>
> With the express intent of delivering health care services to injured employees "in an efficient and timely manner," La. R.S. 23:1203.1 adopts evidence-based medicine as the guidepost for assessing whether the medical care required to be provided under La. R.S. 23:1203 is necessary. To that end, La. R.S. 23:1203.1 requires the promulgation of a medical treatment schedule, which consists of a list of preauthorized procedures, administratively developed and approved according to criteria set forth by the statute. These preauthorized procedures provide a benefit and advantage to injured workers and their treatment providers who are relieved of the burden of establishing the medical necessity of the preauthorized procedures and, at the same time, impose a clear-cut obligation on employers. **By their terms, La. R.S. 23:1203.1 and the medical treatment schedule do not exclude any particular care.** Instead, these provisions represent and reflect a rational policy choice by the legislature to confer authority on the Director of the OWC, with the assistance of the medical advisory council and the medical director, to determine in advance the medical necessity for certain medical care, in particular circumstances, in order

6

to avoid case-by-case disputes and variations and to streamline the process.

*Ardoin*, 184 So.3d at 900 (emphasis added).

The *Ardoin* panel further noted, "In short, La.R.S. 23:1203.1 and the medical treatment guidelines '[do] not alter' a claimant's rights to necessary medical treatment under La.R.S. 23:1203(A), but rather they 'create rebuttable presumptions as to the necessary treatment required by La.R.S. 23:1203(A).'" *Ardoin*, 184 So.3d at 900 (quoting *Dardar*, 145 So.3d at 284-85).

Approximately a year after *Ardoin*, a different panel of this court heard a case involving a denial of the Medical Director's Decision. In *Harper v. Boise Paper Holdings, LLC*, 17-602 (La.App. 3 Cir. 2/16/17), 258 So.3d 651, *writ denied*, 18-24, (La. 2/23/18), 237 So.3d 1188, the WCJ affirmed the Medical Director's Decision denying Mr. Harper a radio frequency (RF) ablation procedure for long term pain relief from his diagnosed occipital neuralgia. The Medical Director found the procedure "not to be in line with the MTG." *Harper*, 258 So.3d at 653. Mr. Harper appealed the denial of the RF procedure on the basis that it was contained within the MTG. He also claimed penalties and attorney fees. A panel of this court agreed the RF procedure was in accordance with the MTG and reversed the WCJ, rendering judgment in favor of Mr. Harper and awarding penalties and attorney fees.

In its oral reasons for ruling in this case, the WCJ cited Mrs. McCain's repeated complaints of the difficulties she was having "taking a bath, also she had complaints about sleeping, and that her husband can no longer do what he usually does for her without her falling at least three or four times within the last six months," when attempting to enter and exit the bathtub. The WCJ found the testimony of Mrs. McCain and her husband credible and compelling.

7

The WCJ then referred to *Ardoin*, 184 So.3d at 900, and the panel's determination "that the medical guideline is basically what it says. It's a guideline, but it does not deviate from the fact that the employer must provide the employee with all medical and necessary medical treatment they need."

In support of the medical necessity of the walk-in tub, the LWC-WC-1010 Form from Dr. Shamieh, submitted into evidence at the hearing, specifically stated in his expert medical opinion that the walk-in tub was "medically necessary." Dr. Malur, the UR physician employed by Liberty Mutual, also approved the walk-in tub after conducting an evaluation of the medical records in connection with Mrs. McCain's LWD-WC-1010 Form request for the walk-in tub. Dr. Malur's UR report was also submitted into evidence at the hearing, and contained his expert medical opinion that, "**Therefore, the request for a walk-in tub due to bilateral leg pain and swelling is medically necessary and given approval.**" (Emphasis added.)

Clearly, there was uncontradicted expert medical evidence that the walk-in tub was medically necessary in this case. In fact, Liberty Mutual approved the rental of the walk-in tub for a three month period. However, uncontradicted testimony at the hearing clearly negated the possibility of renting a walk-in tub, not only in Calcasieu Parish and the State of Louisiana, but from any supplier.

The WCJ issued sound reasons for ruling in favor of Mrs. McCain, stating:

And they have proven here today by clear and convincing evidence that it cannot be rented. It must be purchased, therefore – and the employer has not shown me today any medical information which shows that the tub is not medically necessary, nor has it shown me any information here today that the tub can be rented as opposed to being purchased, nor has it shown me that a walk-in tub is on the guidelines. It says spa. It says whirlpool. A walk-in tub is something that you have where you can open a door and walk in and have a seat, okay. So[,] I am going to approve the purchase of a medical tub.

8

We further note that, 40 LA. ADMIN. CODE tit. 40, Pt. I § 2115(B)(10) of the Maintenance Management Section of the Medical Treatment Guidelines does not specifically exclude a walk-in tub:

> 10. **Purchase or Rental of Durable Medical Equipment**. It is recognized that some patients may require ongoing use of self-directed modalities for the purpose of maintaining function and/or analgesic effect. Purchase or rental of modality based equipment should be done only if the assessment by the physician and/or therapist has determined the effectiveness, compliance, and improved or maintained function by its application. It is generally felt that large expense purchases such as **spas, whirlpools, and special mattresses** are not necessary to maintain function beyond the areas listed above.
>
>> a. **Maintenance duration**: Not to exceed 3 months for rental equipment. Purchase if effective.

(Emphasis added.)

Again, the lay testimony and expert medical evidence was uncontradicted that the walk-in tub was medically necessary for the claimant in this case. We therefore find that the WCJ was presented with sufficient expert medical testimony and credible lay testimony to support the medical necessity for Mrs. McCain to receive a walk-in tub. We hereby affirm the WCJ's decision to approve the walk-in tub as medically necessary, which necessitates that Motel 6 and Liberty Mutual purchase and install the walk-in tub for Mrs. McCain.

***Assignment of Error Two-Penalties and Attorney Fees-Reliance on the Medical Director's Decision***

In assignment of error two, Defendants seek reversal of the WCJ's decision to award penalties and attorney fees. Counsel argues that if the employer relies on the Medical Director's Decision, then, as a matter law, their denial of benefits cannot be considered arbitrary and capricious and lead to penalties and attorney fees. As a consequence, Defendants argue the claim in this case was "reasonably controverted." We disagree.

Louisiana Revised Statutes 23:1203(A) requires an employer to furnish an injured worker with "all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." This court explained in *Romero v. Garan's, Inc.*, 13-482, p. 3 (La.App. 3 Cir. 8/6/14), 145 So.3d 1120, 1122, that, "It is well settled that failure to authorize or pay for medical treatment equates to the failure to furnish benefits, which can subject an employer to penalties and attorney fees."

Louisiana Revised Statutes 23:1201(F) further provides for the award of penalties and attorney fees for failing to authorize medical treatment by an employer or insurer. However, La.R.S. 23:1201(F)(2) does not authorize penalties and attorney fees if the claim is reasonably controverted by the employer or insurer.

In oral reasons for ruling in this case, the WCJ stated:

> So I am going to approve the purchase of a medical tub and since you all have not shown sufficient information to reasonably controvert this case that a medical tub is not necessary and can be rented, I am going to [award] attorney fees in the amount of [$]5,000 and penalties in the amount of [$] 2,000.

In *Harper*, 258 So.3d at 656, a panel of our court set forth the legal standard for reviewing a decision to award penalties and attorney fees for failure to furnish medical care and supplies deemed necessary:

> An award of attorney fees and penalties is reviewed for manifest error. *Baullion v. Old Am. Pottery Co.*, 01-0562 (La.App. 3 Cir. 11/21/01), 801 So.2d 567. Thus, we review the record to determine not whether the WCJ was wrong, but rather whether the record, as a whole, reveals a reasonable basis for the WCJ's ruling. *Spikes v. Louisiana Commerce & Trade Ass'n*, 13-919 (La.App. 3 Cir. 7/2/14), 161 So.3d 755.

The panel further cited the case of *Watson v. Amite Milling Co., Inc.*, 560 So.2d 902, 906 (La.App. 1 Cir.) (quoting *Hall v. McDonald*, 537 So.2d 328, 332 (La.App. 1 Cir. 1988)), *writ denied*, 567 So.2d 614 (La.1990), which observed:

> [G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, *did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant.*

(Emphasis added).

*Harper*, 258 So.3d at 656.

Further, the panel in *Ardoin*, 184 So.3d 896, held that La.R.S. 23:1203.1 adopts an evidence-based standard as the guidepost for assessing whether the medical care required to be provided under La.R.S. 23:1203 is medically necessary with the promulgation of the medical treatment schedule. However, the panel noted, "By their terms, La.R.S. 23:1203.1 and the medical treatment schedule do not exclude any particular care." *Id.* at 900 (quoting *Dardar*, 145 So.3d at 284).

In this case, the WCJ specifically found that neither Motel 6 nor Liberty Mutual had "shown sufficient information to reasonably controvert this case that a medical tub is not necessary and can be rented[.]" The WCJ further found by clear and convincing evidence that the walk-in tub was medically necessary and must be purchased. We therefore affirm the WCJ's award of penalties and attorney fees.

### Claimant's Answer to Appeal

It is well-established that a workers' compensation claimant who is successful in defending an appeal may be entitled to an award of additional attorney fees. *See, e.g., Green v. Nat'l Oilwell Varco,* 10-1041 (La.App. 3 Cir. 4/27/11), 63 So.3d 354. Claimant answered the appeal filed by her employer, Motel 6, and Liberty Mutual in response to the WCJ's May 1, 2019 judgment, requesting an award of additional attorney fees, and was successful in defending the appeal. We therefore award an

11

additional $2,500.00 in attorney fees to Claimant for work done defending this appeal.

## DECREE

For the foregoing reasons, the May 1, 2019 judgment of the WCJ is affirmed. IT IS ORDERED, ADJUDGED, AND DECREED, that Cheryl McCain is entitled to the purchase and installation of a walk-in tub to be paid for by her employer G6 Hospitality d/b/a Motel 6 and its insurer Liberty Mutual Insurance Company. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Cheryl McCain is awarded penalties in the amount of $2,000.00, and attorney fees in the amount of $ 5,000.00, $2,500.00 for additional attorney fees on appeal, plus all costs as against and payable by G6 Hospitality d/b/a Motel 6 and Liberty Mutual Insurance Company, jointly severly and in solido.

**AFFIRMED.**